The opinion of the Court was drawn up by
Shaw C. J.
This Court not having a general jurisdiction in equity, it is always necessary for a plaintiff to make it appear affirmatively on the face of his bill that his case is within *38 the jurisdiction of the Court; and the question whether it is so or not) is properly raised by a general demurrer.
It is contended that this Court has jurisdiction, by force of the statute 1823, c. 140, § 2, which provides that this Court “ may hear and determine in equity, all disputes between co-partners, joint-tenants and tenants in common, in cases where there is no adequate remedy at law; and may thereupon compel such discoveries and disclosures and make such orders, injunctions and decrees, as equity in such cases shall seem to require.”[1]
It seems very clear, that upon the face of the bill this is a dispute or controversy between tenants in common. The plaintiffs, as such tenants in common, complain that their CO-tenant, the defendant, does that, in regard to the common property, which if done by a stranger, would lay the foundation of an action on the case for damages. The right of the defendant is a right in common with the plaintiffs to use the water as appurtenant to the estate held by them. A diversion of the water by a stranger, would be an injury to the common property, "and we cannot perceive that it is less so, when done by one of the co-tenants. The privilege as set forth, is appurtenant to the estate held by the co-tenants in fee, and is inseparable from it, and it seems that neither of the co-tenants can claim a right to use it, except by the use of the ancient mill, the estate in common, to which it appertains as an incident. The damage therefore done to the common property, by diverting and using the water properly appurtenant to the grist mill, in connexion with a distinct estate held by one of the co-tenants in severalty, seems to be of the same nature, as if such co-tenant had diverted the stream above the mill, or done any other act, to diminish and impair the value of the privilege appurtenant to the common property. If this is a correct view of the complaint made by the plaintiffs, the gravamen is, the injury done to the common property, by one of the tenants, and the averment of his several ownership and occupancy of an adjacent estate, is made as a statement of the means by "which the injury is done ; and the prayer for a com *39 mission to estimate, and ascertain the extent of his right in such adjoining estate, is proposed for the purpose of estimating and determining the extent of the wrong alleged to be done to the common property, by showing the true extent of the right justly appurtenant to the defendant’s several property. " It appears to us therefore, that the bill sufficiently sets forth a dispute or controversy between tenants in common, within the meaning of the statute, and the only other question is, whether the plaintiffs have an adequate remedy at law.
This naturally divides itself into two questions, namely, whether there is any remedy, and if so, whether it is an adequate one.
It was suggested by the defendant’s counsel, that the plaintiffs might have partition, either general or special. Without allowing much weight to the obvious consideration, that this bill seeks a remedy for past injuries, as well as for apprehended future ones, it may be remarked, that although a partition would effectually dissolve the relation, m which the statute provides for parties a remedy in equity, it appears to be the manifest purpose of the statute, not to look to the dissolution of the relation of tenants in common, for relief, but to provide a remedy for those who stand in that relation, whilst it subsists.
In seeking for a legal remedy, it is clear, that for many injurious acts, for which, if done by a stranger, an action would lie, no action will lie against a co-tenant, such as actions of trespass quare clausum, and all actions affecting the possession or the right of possession.
But it is contended that case, for consequential damage, will lie by one tenant in common against another, as an inference from the rule, that tenants in common are not bound to join in an action for damage done to the common property ; for which Angelí on Water-courses is cited.
The rule laid down is this, “As to joint tenants, parceners and tenants in common, the two former must join for injuries to real property, in real as well as personal actions, or the nonjoinder may be pleaded in abatement. But tenants in common must in general sever in real actio is ; in personal actions, however, as for a trespass or nuisance to their land, they may *40 join, because in these actions, though their estates are several, yet t^le damages survive to all, and it would be unreasonable, when the damage is thus entire, to bring several actions.” p 83.
Taking the whole together, it does not seem to warrant the inference drawn from it, but the contrary. Joint tenants and parceners must join in personal actions, or the non-joinder may be pleaded in abatement. Tenants in common must in general sever in real actions ; (that is, at common law ; otherwise, in certain cases, by our statute ;) in personal actions, however, as for a trespass or nuisance to their land, they may join, because in these actions, though their estates are several, yet the damages survive to all. Though the phrase “mayjoin” is used, yet the reason given brings the case within the general rule of law, that where a personal claim is joint, and the right survives, all must join, otherwise the process may be abated.
But the consideration that the right to recover damage is joint, and survives, suggests the application of another rule of law, that where there is a joint right to claim damage, each has a right to claim the whole, holding himself liable to account, and if the claim be against one of the parties, he has as good a right to retain the amount, as they have to recover it, and it would involve the legal solecism, of á man’s having an action against himself. The same reason therefore which prohibits co-partners from suing one of their number, who is debtor to the firm, and obliges them to go into equity for relief, seems to apply strongly to the case of a joint claim for consequential damages, against one of the co-tenants.
But this view of the case is not without the support of authority. In Bacon’s Abr. tit. Joint Tenants and Tenants in Common, K. after stating the common law rule, that in real actions, tenants in common must sever, and the reason of it, because their titles and estates are several and distinct, yet where the thing is entire, as a horse, &c. they must join ; — “ Also tenants in common shall join in actions personal, as trespass for breaking their enclosure, &c. because in those actions, though their estates are several, yet the damages survive'to all.” So “ they shall join for a nuisance done to their land, for it is personal and concerns the profits of the land.” *41 Lit. § 315 ; Co. Lit. 198 a ; Hammond on Parties, 222 ; 2 W. Bl. 1077.
It seems therefore to be well settled by authority, that where a damage is done to the common property, by a stranger, all the tenants in common must join. It does not necessarily follow, that where such damage is done by one of the co-tenants, his companion may not have case against him.
Some of the ancient authorities seem to imply that, where a damage is done to the common property by one, the other may sue. As if two several owners of houses have a river in common, and one of them corrupts it, the other shall have an action on the case. Co. Lit. 200 b. But in this case, the gravamen is the damage done by one to the house of the other, the right in the river being principally valuable, as appurtenant to the respective houses ; and in such case the damages are several.
But without pursuing this inquiry further, the Court are all of opinion, that the common law would furnish no adequate remedy. Without relying altogether on the consideration, that the damage is in its nature a continuing one, that each act of disturbance would afford ground for a separate action though the damage may be very minute, and the superior utility of a decree extending to the whole mischief and efficient to prevent as well as to redress the injury, there is another consideration, which appears to us decisive. Here there are several different plaintiffs claiming interests as tenants in common in this mill, some of whom are minors. If obliged to sue jointly, on account of the interest being joint, then the defendant, being one of the parties in such joint interest, cannot be sued, and no action lies. If they may sue severally, then each of the plaintiffs must bring his several action, for his proportion of the damage, the plaintiffs together having no joint interest, except with the defendant. Graham v. Robertson, 2 T. R. 282.
This would give rise to a burdensome multiplicity of suits, so that the remedy at law, if it could be enforced, would be wholly inadequate. Inasmuch therefore as the parties do stand in the relation of tenants in common, and under the circumstances disclosed by the bill and admitted by the demurrer, have no adequate remedy at law, we are all of opinion that, *42 by the operation of the statute relied on, the case is within the equity jurisdiction of the Court.[1]

Demurrer overruled.

 Rev. St. c. 81, § 8.

 See Miller v. Lord, 11 Pick. 11. The equity jurisdiction of this Court under St. 1823, c. 140, (Rev. Stat. c. 81, § 8,) does not extend to suits between the members of a manufacturing or other corporation. Pratt v. Bacon, 10 Pick 123 3 Russell v. McLellan, 14 Pick. 63.